Sutliit, J.
The record to which reference is made in the agreed statement of facts, shows a petition to have been duly filed by Lain Ready, the administrator of Biggs, which showed the necessity of the sale of real estate to pay the debts of the intestate, named the children and heirs of the intestate, and asked that they be made defendants, and prayed for an order to sell so much of the real estate of the intestate as would be sufficient to pay the debts; said to be of the amount of sixteen thousand dollars. But the petition did not describe the lands. The petition was filed on the 3d of September, 1827. But appraisers were afterward appointed and the several tracts were appraised by them, and a particular description thereof, and the appraised value of each tract as designated, expressed in the report of the appraisers made to the court in the case before the order of sale was entered. The case was continued from term to term, and reappraisals ordered by the court and duly made with like accurate descriptions, all of which are part of the record, and were made before sale,- which was made 28th February, 1829.
The petitioners in this case, it will be observed, place their right to recover the legal title to said lands entirely upon the failure of Hammond, the trustee, to execute his trust. No mention is made in the petition of the administrator’s sale of the lands.
It is quite evident that the conveyance by Zaccheus Biggs to Charles Hammond was a conveyance in trust for the pur *56 poses expressed in the deed. Zaccheus Biggs, from the terms of the deed, continued during his life to hold an equi»table interest in said lands; and if he had, during his life, paid the debts mentioned in the deed, the lands would there after have belonged, in equity, to him, and Hammond would have held the legal title thereafter in trust, solely for Zaccheus Biggs and his representatives.
But it is not pretended that the debts, for the payment of • which this conveyance was made to Hammond, have been in fact paid either by Zaccheus Biggs in his life time, or by his heirs.
It is, however, said that the lands have been conveyed by the trustee in violation of his trust, or at least in a manner unauthorized by the powers and purposes expressed in the trust deed.. But if the case depended upon the execution of the trust by Hammond, it would be incumbent upon the plaintiffs to show a diversion of the trust property from the purposes of the trust; and their right to the legal title of the property in themselves. Have the plaintiffs shown a state of facts, entitling them to the legal title of the land ?
To ascertain whether the trustee has diverted the trust property, or been delinquent in the discharge of his duties, it is proper to recur to the deed and ascertain the nature of the trust, or the objects contemplated. The provision of the deed is that Hammond shall hold the title for one year, or until July 8, 1825, and that at any time after that date, at the request of any one of the creditors named, he should proceed to sell so much of one, or the other, of said tracts of la.nd as might be sufficient to satisfy the debts due such creditors. Lain Ready was one of the creditors, and the largest named; and his application to the court, to which Hammond made answer as attorney for the heirs of Biggs, may well be considered a request by one of the creditors, to-wit, himself; but his petition is, in fact, in that case, to which Hammond so made answer, a request for the lands to be sold, or so much as necessary to' pay all creditors, including all the creditors named in the deed of trust. Hammond *57 then had the right, by the’conditions of the deed of trust, to sell the lands for money to pay off the creditors named.
But it is said he did not sell, nor was the sale made in accordance with the directions in the deed.. In reply to this objection, it may well be insisted that a substantial compliance, especially at this late day, is all that can be reasonably required to be shown. It is proyided by the deed, that the sale be a public sale, on thirty days’ notice, upon valuation made by three persons by him selected, and for such portion at least of the valuation as required at sheriff’s sales. Now all these prerequisites of the sale were observed; only the appraisers wrere assented to instead of being selected by Hammond, and Ready or the sheriff acted as auctioneer; and, upon the purchasers paying the required price respectively, and the highest price offered, Hammond executed a conveyance to them, just as he would have done had 'he alone sold.
And, it might well be questioned if the trustee had the right to sell and did sell in the manner and at the price named in the deed of trust, whether the purchaser would not acquire a perfect title, irrespective of the application made of the money after the sale by the trustee. But so far as the proceeds of the sale are alleged to have been diverted from the particular purposes specified in the deed of trust, the petitioners would only be entitled to call upon the representatives of the trustee to account for the money. Such diversion of the proceeds of sale, or neglect of their proper appropriation, on the part of the trustee, could not, as has been shown, invalidate the title of a Iona fide purchaser of the land. It is not, however, pretended, as a cause for relief against his representatives, that Hammond sequestered the proceeds of the sale, or even realizéd any pecuniary advantages therefrom. And the proof is that the fruits of the sale, at the prescribed price, of all the lands conveyed by said Hammond according to the limitations of their value in said trust deed, were paid to the existing creditors named in the deed, or to the personal representatives of Zaccheus Biggs. It might, therefore, even in this view of the case presented by the peti *58 tion, be difficult to perceive wherein the plaintiffs had' beer damnified, by the neglect of Hammond to adhere literally tc the manner of executing the trust expressed in the deed.
But the defense set up by the answers, and specially relied upon by the defendants, is, their titles respectively derived from the administrator’s sale of the lands.
If the administrator’s sale and deed were operative to pass the title, that fact must necessarily constitute a perfect defense in this case.
Two objections are urged to the validity of the administrator’s sale, under which the defendants derive title.
In the first place, it is insisted that inasmuch as no personal service of process was made upon the infant heirs of Zaccheus Biggs, they could not be regarded as being constructively present in court, and that, therefore, the court had no jurisdiction of the case to order a sale, and that the sale, consequently, is void. This objection would require a reconsideration of the Unanimous opinion of this court, made in the case of Benson v. Cilley and others, 8 Ohio St. Rep. 604, since this case was reserved. Indeed, it would be requiring us to more than' recede from the opinion expressed in the case of Benson and Cilley, to entertain the objection in this case. That case arose under the statute of 1831, which. expressly provided not only that the lawful heir or heirs, or , the person or persons having the next estate of inheritance of the testator or intestate should be made defendants; but the act .of 1831 also provided that,, the defendants should be served with process, or otherwise notified of the pendency of such petition. But the sale, made by the administrator of the lands in question, was made under the statute of 1824, which did not, in its terms, require process to be issued or served on the heirs; but simply* provided that the application to the court to sell should be by petition, to which, it was added, ■“ the lawful heir or the person having the next estate of inheritance of the testator or intestate shall be made defendant.” When it is considered that previous to this act of February 11, 1824, the proceedings in. administrator’s sales, •though riot strictly in rem, were always ex parte in this state, *59 it might well be held, under the act of 1824, that service of process was not necessary to give the courts the same jurisdiction over the subject matter which they had always exercised •in this state. • And certainly when the.act was silent as to the manner by which the heir should be made a party defendant, it was competent for the court to prescribe the method. The appointing an intelligent attorney, and the gentleman selected by the intestate'as his friend and special trustee in regard to the very lands in question, to represent the infant defendants as their attorney in the case, by preparing and presenting their answer to the petition, would seem a very reasonable compliance with the provisions of that statute. The record shows the heirs to have been made parties defendant, and their answer, by their guardian and attorney, constitutes part of the record. The letter, as well as the spirit of the statute, has, therefore, been respected in the proceedings.
But it is also urged as a second objection to the validity of the sale, that the lands at the time of the administrator’s sale, were not included properly in the term, “ the real estate of the deceased.”
Real estate, being an interest in lands, tenements or hereditaments, it follows that if Zaccheus Biggs, at the time of his death, had any interest in the lands, the same must have been included by the words “ real estate of the deceased,” as used in the statute. If, then, we recur to the deed of trust, and which seems to be an indenture signed by both parties, we find that while the legal title was in Hammond, he acknowledges the entire equitable interest to belong to Biggs; the entire proceeds, if sold, in execution of the trust, were to be appropriated for his benefit in paying his debts; and if Biggs should, in some other way, pay those debts or satisfy those creditors, the legal title was to be restored to him by the trustee. The lands were then evidently included in the term “ real estate of the deceased.” Indeed, if Zaccheus Biggs had no estate in the lands, it is difficult to perceive what status his heirs could have in court, in regard to the lands, as his legal representatives.
But it is sufficient to say, that we regard both objections *60 urged against the validity of the sale' alike untenable. Charles Hammond, who held the legal estate, and the heirs of Zaccheus Biggs, who had the equitable estate, were parties defendant. All the proceedings seem to have been conducted substantially in accordance with the requisitions of the statute, and the sale must be regarded as valid.
The petition in this case must, therefore, stand dismissed.
Scott, O.J., and Peck, Gholson, and Brinkerhoee, J J., concurred.